WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Wise,<br><br>                 Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>                 Respondents. | No. CV-19-05076-PHX-MTL<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation (R & R) by Magistrate Judge Camille D. Bibles, recommending that Petitioner Danny Wise's Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1) be dismissed as moot pursuant to 28 U.S.C. § 2254. (Doc. 38.)  For reasons stated below, the Court will adopt Judge Bibles' R & R.

**I.     BACKGROUND**

Petitioner Danny Wise filed the Petition on August 30, 2019, asserting ineffective assistance of counsel and violations of his right to due process of law in his state criminal proceedings. (Doc. 1.) Respondents filed an answer on December 6, 2019. (Doc. 18.) Petitioner mailed a reply on March 26, 2020, which was docketed on March 30, 2020. (Doc. 36.) Mail sent to Petitioner by the Court was returned as undeliverable on April 10, 2020, with a note indicating that Petitioner was deceased. (Docs. 37; 38 at 4.) Public records from the Arizona Department of Corrections state that Petitioner died on March 29, 2020. (Doc. 38 at 4.)

Judge Bibles issued the R & R on May 6, 2020. (Doc. 38.) It recommends that, in light of Petitioner's death, the Petition be denied as moot. *See, e.g., Dove v. United States*, 423 U.S. 325, 325 (1976) (per curiam) (dismissing a petition for a writ of certiorari because the petitioner had died); *Griffey v. Lindsey*, 349 F.3d 1157, 1157 (9th Cir. 2003) (dismissing appeal of denial of § 2254 relief because the petitioner was deceased). No objections have been filed to the R & R.

## II.     LEGAL STANDARD

When a federal district court reviews a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, "it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (*quoting* 28 U.S.C. § 2254).  When reviewing a Magistrate Judge's R & R, this Court reviews *de novo* those portions of the report to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Parties have fourteen days from the service of a copy of the R & R to file specific written objections with the Court.  28 U.S.C. § 636(b)(1)(C).  District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III.    DISCUSSION

Having reviewed the R & R, and no objections having been made by any party, the Court hereby incorporates and adopts the R & R. The Court will also decline to issue a certificate of appealability. A certificate of appealability may only issue when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability will not be issued because, in light of Petitioner's death, the relief is now moot.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 38) is accepted.

1    **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is dismissed as moot.

**IT IS FURTHER ORDERED** a certificate of appealability is denied.

**IT IS FINALLY ORDERED** directing the Clerk to enter final judgment consistent with this Order and dismiss the case.

Dated this 14th day of October, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge